**2018 UT App 203**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
TALEA LOUISE HOLLAND,
Appellant.

Opinion
No. 20170018-CA
Filed October 25, 2018

Third District Court, Salt Lake Department
The Honorable Katie Bernards-Goodman
No. 151903001

Justin Knell, Attorney for Appellant

Simarjit S. Gill and Richard J. Pehrson, Attorneys
for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES KATE A. TOOMEY and DAVID N. MORTENSEN concurred.

HAGEN, Judge:

¶1    Talea Louise Holland appeals her conviction for possession of a dangerous weapon by a restricted person. She contends that the State presented insufficient evidence to establish that she was a restricted person, namely an unlawful user of a controlled substance. We affirm.

### BACKGROUND[1]

¶2    A police officer responded to a local hardware store to investigate a report of retail theft by Holland. After speaking with Holland and the loss prevention employee, the officer arrested Holland for shoplifting. In performing a search incident to that arrest, the officer found several suspicious items in Holland's purse. Specifically, the officer found brass knuckles and a small, black kit that contained a pick and two spoons covered with brown residue. Relying on sixteen years of experience as a police officer and his drug-specific training, the officer believed that the pick was a type commonly associated with drug use and that the brown residue on the spoons was consistent with heroin.

¶3    Based on "the way she looked that day" and her "demeanor," the officer suspected that Holland was "struggling" and asked her whether "she had a problem with drugs." According to the officer, Holland responded that "she is a drug user," "she was having some issues with it," and she had "been struggling to control her addiction."

¶4    The State charged Holland with possession of a dangerous weapon by a restricted person, possession of drug paraphernalia, and retail theft. With respect to the possession of a dangerous weapon charge, the State contended that the brass knuckles in Holland's purse constituted a "dangerous weapon" and that she was a restricted person based on her status as an "unlawful user of a controlled substance." At Holland's request, the court bifurcated the trial on that count. The jury would

---

1. "In reviewing the [district] court's ruling, we recite the facts in the light most favorable to the [district] court's findings." *State v. Larsen*, 2000 UT App 106, ¶ 2, 999 P.2d 1252 (quotation simplified).

consider whether Holland intentionally or knowingly possessed a dangerous weapon. If it found that she had, the district court would then determine whether she was an unlawful user of a controlled substance restricted from possessing such a weapon.

¶5 At the conclusion of trial, the jury found Holland guilty of possession of a dangerous weapon, possession of drug paraphernalia, and retail theft. The district court then considered the bifurcated element and found beyond a reasonable doubt that Holland was an unlawful user of a controlled substance. In reaching this conclusion, the district court focused on Holland's statement that she was "struggling" with her drug addiction, which the court interpreted as currently relapsing or using controlled substances. In its oral ruling, the court also pointed to the drug paraphernalia in Holland's purse as evidence that she was currently using drugs. The court entered a judgment of conviction on all three counts.

¶6 Holland appeals.

ISSUE AND STANDARD OF REVIEW

¶7 Holland initially raised three issues on appeal, contending that the evidence presented at trial was insufficient to prove three elements beyond a reasonable doubt: (1) that the brass knuckles were a "dangerous weapon" as defined in Utah Code section 76-10-501(6); (2) that the black kit constituted drug paraphernalia under the factors in Utah Code section 58-37a-4; and (3) that she was an "unlawful user of a controlled substance," restricted from possessing a dangerous weapon under Utah Code section 76-10-503(1)(b)(iii).

¶8 The first two issues were tried to the jury. At trial, Holland did not challenge the sufficiency of the evidence supporting the jury's verdict. Generally, "a defendant must raise

the sufficiency of the evidence by proper motion or objection to preserve the issue for appeal." *State v. Holgate*, 2000 UT 74, ¶ 16, 10 P.3d 346. Because Holland did not challenge the sufficiency of the evidence supporting the jury's verdict below, she must establish an exception to the preservation rule. *See State v. Johnson*, 2017 UT 76, ¶¶ 18–19, 416 P.3d 443 (recognizing "three distinct exceptions to preservation: plain error, ineffective assistance of counsel, and exceptional circumstances," and explaining that "[w]hen an issue is not preserved . . . [the] party seek[ing] to raise it on appeal . . . must establish the applicability of one of these exceptions"). As Holland acknowledges, she has not done so. Accordingly, we do not reach those issues.

¶9 But the third element—whether Holland was an unlawful user of a controlled substance—was tried to the bench. Unlike challenges to a jury verdict, a defendant need not file a separate motion or make a separate objection to challenge the sufficiency of the evidence supporting the court's factual findings in a bench trial. *See State v. Larsen*, 2000 UT App 106, ¶ 9 n.4, 999 P.2d 1252; *see also* Utah R. Civ. P. 52(a)(3). Accordingly, this issue was preserved for our review. "When reviewing a bench trial for sufficiency of the evidence, we must sustain the [district] court's judgment unless it is against the clear weight of the evidence, or if we otherwise reach a definite and firm conviction that a mistake has been made." *State v. Bingham*, 2015 UT App 103, ¶ 8, 348 P.3d 730 (quotation simplified).

ANALYSIS

¶10 Holland contends that the State failed to present sufficient evidence to convict her of possession of a dangerous weapon by a restricted person. To convict on this charge, the State was required to prove beyond a reasonable doubt that Holland intentionally or knowingly possessed a dangerous weapon and that she was a Category II restricted person, which includes "an

unlawful user of a controlled substance." Utah Code Ann. § 76-10-503(1)(b)(iii), (3)(b) (LexisNexis 2017). As explained above, *see supra* ¶ 8, Holland did not preserve her challenge to the jury's findings that the brass knuckles constituted a dangerous weapon or that she was intentionally or knowingly in possession of that weapon. Therefore, we consider only whether there was sufficient evidence to support the district court's finding that Holland was a restricted person based on her status as an unlawful user of a controlled substance. Holland argues that the State failed to satisfy this element because "there was no evidence proving that [she] used a controlled substance with any regularity or even proximate to her alleged possession of a dangerous weapon."

¶11    Although the statute does not define "unlawful user," the Utah Supreme Court recently interpreted the term in *State v. Garcia*, 2017 UT 53, 424 P.3d 171. In *Garcia*, the defendant argued that the term "unlawful user" should be narrowly construed to require "a person to be actually using a controlled substance at the time he or she is in possession of the [dangerous weapon]." *Id.* ¶¶ 58–59 (quotation simplified). Our supreme court explicitly rejected that interpretation, reasoning that the relevant statute "does not forbid possession of a firearm while unlawfully using a controlled substance[,]" but it "prohibits unlawful users of controlled substances from possessing firearms." *Id.* ¶ 60 (quotation simplified). The court instead defined "unlawful user" as someone who "use[s] with regularity and in a time period reasonably contemporaneous with the possession of a firearm." *Id.* ¶ 61. Under this definition, the court determined that there was sufficient evidence for the jury to conclude that the defendant was indeed an unlawful user. *Id.* ¶ 65. The evidence against the defendant consisted of his admissions to police that he began using cocaine in 2006 and that he does "a lot of cocaine like sometimes" because he gets "real paranoid" when he is off it. *Id.* ¶ 12. When an officer expressed surprise that he

would both use and deal drugs, the defendant responded, "[I]t's just my heart and soul is into this shit man[.]" *Id.*

¶12 Similarly, Holland's statements support the district court's finding that she was an "unlawful user." Holland admitted to the officer that she had a drug addiction, suggesting that she used a controlled substance with some regularity. She also stated that she "is a drug user" and was having problems with her addiction. Much like the statements in *Garcia*, Holland's references to her drug use were phrased in the present tense, supporting the district court's finding that Holland's drug use was current and ongoing.

¶13 Under *Garcia*, Holland's admissions alone would be sufficient to support a finding that she used drugs "with regularity and in a time period reasonably contemporaneous with the possession of a firearm." *See id.* ¶ 61. But here, the district court heard additional evidence to bolster the conclusion that Holland was a current drug user. At the time of her arrest, Holland was carrying a black kit containing a pick commonly used for drugs and two spoons covered with brown residue. This evidence supported the jury's verdict that Holland was in possession of drug paraphernalia at the time of her arrest. As the district court recognized, the fact that Holland carried drug paraphernalia was further evidence that her drug use was ongoing and reasonably contemporaneous to her possession of a dangerous weapon. In addition, the arresting officer testified that, based on "the way she looked that day" and her "demeanor," Holland "appear[ed] to be currently struggling" with drug addiction. Given Holland's own statements, her contemporaneous possession of drug paraphernalia, and the arresting officer's observations, the evidence was sufficient to support the district court's finding that Holland was an unlawful user of a controlled substance prohibited from possessing a dangerous weapon.

CONCLUSION

¶14    We conclude that there was sufficient evidence for the district court to find beyond a reasonable doubt that Holland was an unlawful user of a controlled substance. Accordingly, we affirm her conviction for possession of a dangerous weapon by a restricted person.

————